IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| NDUKWE UKAEGBU KALU, | : | CIVIL ACTION NO. **1:CV-10-00244** |
|---|---|---|
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent | : | |

..............................................................................................................................................

| NDUKWE UKAEGBU KALU, | : | CIVIL ACTION NO. **1:CV-10-01229** |
|---|---|---|
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**

**I. Procedural History.**

On February 1, 2010, Petitioner, Ndukwe Ukaegbu Kalu, a detainee in the custody of the United States Department of Homeland Security, Bureau of Immigration and Customs Enforcement ("ICE") since September 4, 2009, filed, *pro se*, the instant Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, challenging his continued detention at Lackawanna County Prison ("LCP") pending his removal from the United States. Petitioner's habeas petition was docketed to

Middle District of Pennsylvania Civil Action No. 1:CV-10-0244. Petitioner named ICE as sole Respondent. (Doc. 1, Civil No. 10-00244).[1] Petitioner also filed an application for leave to proceed *in forma pauperis*. (Doc. 2, Civil No. 10-00244).

Petitioner states that he was ordered removed from the Untied States by an Immigration Judge on August 13, 2009. He states that he appealed his removal order to the Board of Immigration Appeals ("BIA") and that his appeal was denied on October 30, 2009. Petitioner states that he then filed a motion to reopen his case with the BIA on or about November 16, 2009, and that it was denied. Petitioner also states that on November 24, 2009, he filed an Emergency Stay Motion with the BIA requesting that the "BIA to stop his removal proceeding," and that the BIA denied this motion. (Doc.1, at pp. 1-3 , Civil No. 10-0244).

As mentioned, on February 1, 2010, Petitioner filed a habeas petition with this Court. (Doc.1, Civil No. 10-0244). Petitioner is now subject to a final removal order. In his habeas petition, Petitioner seeks "release from prison on bond or parole" or "dismissal of all charges brought against him by ... ICE." (Doc. 1, at p. 8, Civil No. 10-0244).[2]

---

[1] As Respondent correctly points out (Doc. 9, p. 2, n.1, #10-0244), the only proper respondent in a habeas corpus action is the warden of the institution where the petitioner is confined. Fed. R. Civ. P. 81(a)(2); 28 U.S.C. § 2243 ("The writ, or order to show cause shall be directed to the person having custody of the person detained.") *See also Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) ("[t]hese provisions contemplate a proceeding against some person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge..."); *Yi v. Maughans*, 24 F. 3d 500 (3d Cir. 1994). In the instant case, the only appropriate respondent is Janine Donate, Warden of Lackawanna County Prison, where Kalu is currently incarcerated. As such, Warden Donate should be substituted as the respondent in this case.

[2] Insofar as Petitioner seeks, in his habeas petition, this Court to dismiss the removal proceedings ICE instituted against him and insofar as he claims that his November 2005 New York State court conviction on which ICE relied with respect to the Notice to Appear (Doc. 9, Ex. C) it

On February 22, 2010, the Court granted Petitioner's *in forma pauperis* motion and ordered Respondent to show cause why Petitioner should not receive the relief he seeks. (Doc. 6, Civil No. 10-0244). On March 15, 2010, Respondent submitted its Response to the Habeas Petition with exhibits in accordance with that Order. (Doc. 9, Civil No. 10-0244).

Petitioner filed a Motion for Default Judgment on March 25, 2010, and a Second Motion for Default Judgment on March 26, 2010, which were denied on March 29, 2010 and March 30, 2010, respectively, since Respondent timely filed a Response to Petitioner's Writ of Habeas Corpus. (Docs. 10, 11, 12, and 13, Civil No. 10-00244). Petitioner did not file a traverse in his No. 10-0244 case.

On June 10, 2010, Petitioner Kalu, while still a detainee of ICE at LCP, filed, *pro se*, a second, almost identical, Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, again challenging his continued detention at LCP pending his removal from the United States. Petitioner's second habeas petition was docketed to Middle District of Pennsylvania Civil Action No. 1:CV-10-1229. Petitioner again named ICE as sole Respondent. (Doc. 1, Civil No. 10-1229). On June 14, 2010, Petitioner filed an unsigned Amended Habeas Petition with attachments (copies of newspaper articles regarding immigration issues), along with an *in forma pauperis* motion in his case No.10-1229. (Docs. 4 and 5). As relief in his second Habeas Petition, Petitioner again seeks to be released from custody of ICE at LCP while he waits for his removal from the United States to

---

issued against him charging him with being subject to removal was "illegal" (Doc. 1, p. 5), this Court does not have jurisdiction under the Real ID Act ("RIDA") over any challenges to Petitioner's removal proceedings. *See Kolkevich v. Attorney General of U.S.*, 501 F. 3d 323, 329 (3d Cir. 2007)("RIDA makes clear that the §2241 [habeas] process is no longer available to any alien, criminal or otherwise, seeking to challgenge his or her removal.").

3

Nigeria since he claims that, despite his cooperation with ICE's efforts to obtain a travel document for him, "there is no possibility [ICE] can remove him to Nigeria," and since he claims that he has been detained by ICE beyond 180 days from the date of his final order of removal. Petitioner's case #10-1229 has not yet been served on Respondent for a response. We give preliminary review to Petitioner's second habeas petition under Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1 (b)). *See Patton v. Fenton*, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979); *Romero v. Holt*, 2006 WL 3437360 (M.D. Pa.); *Winfield v. Martinez*, 2008 WL 4541945 (M.D. Pa.).[3] We will recommend that Petitioner's two nearly identical habeas cases be consolidated into his #10-0244 case and that his #10-1229 case be closed.

## II. Factual Background.

Petitioner is a native and citizen of Nigeria. *(See* Notice to Appear, Doc.9, Ex. C at 3, Civil No. 10-0244, and Record of Deportable/Inadmissible Alien, Doc. 9, Ex. D, at 2). He entered the United States at or near New York City, New York, on February 18, 1984. (Notice to Appear, Doc.9, Ex. C at 3, Civil No. 10-0244). Petitioner's status was adjusted to Lawful Permanent Resident on August 21, 1991. *(Id.).*

On November 14, 2005, Petitioner pled guilty and was convicted in the New York State Supreme Court, Queens County, of assault in the second degree. *(*Sentence and Commitment, Doc. 9, Ex. A, at 1, Civil No. 10-0244). For this offense, Petitioner received a sentence of three years

---

[3]Rule 4 provides in relevant part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."

imprisonment to be followed by three years supervised release. *(Id.)*. The Supreme Court of the State of New York, Appellate Division, affirmed Petitioner's criminal conviction on November 13, 2007. (Supreme Court of the State of New York Decision and Order, *(Id.,* Ex. B, Civil No. 10-00244).

A Notice to Appear was issued on December 10, 2007, notifying Petitioner that he was subject to removal from the United States pursuant to Section 237(a)(2)(A)(iii) of the Immigration and Nationality Act ("the Act"), as an alien having been convicted of an aggravated felony, or crime of violence, any time after admission. (Notice to Appear, Doc. 9, Ex. C at 3, Civil No. 10-0244). At hearings before the Immigration Court, Petitioner admitted to all of the above-stated facts, but he denied the charge of removability and filed three separate motions to terminate his removal proceedings. (Doc. 9, Oral Decision of the Immigration Judge, Ex. F Civil No. 10-0244).

Petitioner's first motion to terminate his removal proceedings claimed that his conviction for assault in the second degree did not constitute an aggravated felony crime of violence. *(Id.)*. Upon review of the record, the Immigration Judge found that Petitioner's crime was indeed an aggravated felony crime of violence as set forth in Section 101(A)(43)(F) of the Act and 18 C.F.R. § 16. *(Id.)*.

Petitioner then moved to terminate his removal proceedings claiming that he was not mentally competent. *(Id.)*. The Immigration Judge found no evidence that Petitioner was not mentally competent or unable to participate in his own defense in a meaningful way. *(Id.* at 3).

In his third motion to terminate removal proceedings, Petitioner claimed that his attorney failed to advise him of the consequences his guilty plea to the criminal charge would have on his

immigration status. *( Id.).* The Immigration Judge found that his court lacked jurisdiction over this claim, and that this challenge to Petitioner's criminal conviction would properly be brought within the New York State Court system, which sentenced Petitioner. *(Id.).*

The Immigration Judge additionally determined that Petitioner was statutorily ineligible for Withholding of Removal under Section 241(b)(3) of the Act and under Article III of the United Nations Convention Against Torture, and that Petitioner failed to establish that he would suffer persecution should he be returned to Nigeria. *(Id.* at 13 and August 13, 2009 Removal Order, Ex. G, Civil No. 10-0244). Accordingly, the Immigration Judge found Petitioner removable as charged and ineligible for withholding of removal or petition under the Convention Against Torture, and by Order dated August 13, 2009, ordered that Petitioner be removed from the United States to Nigeria. (Doc. 9, Oral Decision, Ex. F at 15 and Removal Order, Ex. G, Civil No. 10-0244). The Immigration Judge also denied Petitioner's Motions to Terminate his removal proceedings. (*Id*.).

Petitioner timely appealed the August 13, 2009 decision of the Immigration Judge to the BIA. *(*Decision of the Board of Immigration Appeals, Doc. 9, Ex. H, Civil No. 10-0244). The BIA found no reversible error in the Immigration Judge's denial of Petitioner's motions to terminate removal proceedings or his application for withholding of removal. *(Id.* at 2-4). The BIA additionally rejected Petitioner's claims that his application for naturalization was twice wrongly denied by the Immigration and Naturalization Service (now the Department of Homeland Security), that his deportation would cause extreme hardship to his family in the United States, and that the removal

proceedings had been unfair, discriminatory and biased. *(Id.* at 3-4). Accordingly, on October 30, 2009, the BIA dismissed Petitioner's appeal. *(Id.* at 4).[4]

Thus, Petitioner's removal order became administratively final on October 30, 2009. *See Leslie v. Attorney General of U.S.,* 2010 WL 381609, *2 (the Court cited to 8 C.F.R. §1241.1(a) and indicated that "[a]n order of removal made by the immigration judge at the conclusion of proceedings ... shall become final... [u]pon dismissal of an appeal). Subsequently, on June 10, 2010, while his first habeas petition was still pending with this Court, Petitioner filed a second, nearly identical, Petition for Writ of Habeas Corpus with this Court against Respondents ICE and the "U.S. District Attorney['s] Office." (Doc.1, Civil No. 10-1229). Petitioner did not immediately file a second application for leave to proceed *in forma pauperis*. As such, the Court filed an Administrative Order on June 11, 2010, directing Petitioner to pay the filing fee *or* to file an Application to Proceed *in forma pauperis* within 30 days, or the case would be dismissed. (Doc. 3, Civil No. 10-1229). On June 14, 2010, Petitioner filed an un-executed Amended Petition for Writ of Habeas Corpus, as well as a Motion for Leave to proceed *in forma pauperis*. (Docs. 4 and 5, Civil No. 10-1229). In his second Habeas Petition, Petitioner again seeks to be released from "indefinite detention" at LCP by ICE pending ICE's attempt to obtain his travel documents from Nigeria. *(Id.,* p. 5). Petitioner again claims that ICE is detaining him at LCP beyond 180 days after his removal

---

[4]Petitioner states that he filed a motion to reopen and reconsider the October 30, 2009 final order of removal, which was subsequently denied. Petitioner further states that he submitted an emergency stay motion on November 24, 2009, requesting that the BIA halt his removal proceedings, but it was denied. (Doc. 1, p. 3, Civil No. 10-0244). However, Petitioner did not provide copies of these documents to the Court nor are they referenced in Respondent's Doc. 9 Response since Respondent's counsel indicates that he did not receive such documents in the immigration records he was provided. (Doc. 9, p. 7, n. 3).

7

order became final and that his removal to Nigeria is not likely to occur in the reasonably foreseeable future.

**III. Claims of Habeas Petitions**.

In both of his habeas petitions, Petitioner claims that his continued "indefinite detention" by ICE is unlawful, and he seeks immediate release from prison on bond or parole. Petitioner avers that INA § 236(a) and INA § 241(a) place statutory limitations on his detention, thus entitling him to bond or parole. Petitioner further avers that INA § 236(b) laws should apply to him, rather than INA § 236(a), since he was released from New York State prison on March 17, 2006 (and not taken into custody immediately). Petitioner also claims that because of politics in his native Nigeria, there is no significant likelihood of removal in the reasonably foreseeable future, as this country will not provide his travel documents despite his full cooperation with ICE in its attempt to obtain them. Finally, Petitioner avers that he will be endangered and he fears for his life if he is deported to Nigeria, and that his family will suffer extreme hardship. (Doc. 4, p. 5, Civil No. 10-1229).[5]

**IV. Discussion.**

We now give consideration to both of Petitioner's Habeas Petitions and Respondent's Response, along with the Exhibits submitted by both parties. Petitioner is challenging his continued detention by ICE at LCP in Scranton, Pennsylvania, while he awaits for his removal to Nigeria.

---

[5]As noted above, this Court lacks jurisdiction under the RIDA over any claims of Petitioner that he is entitled to relief from removal.

Initially, based on *Thomas v. Hogan*, 2008 WL 4793739, *3 (M.D. Pa.), we find that this Court has jurisdiction to decide Petitioner's Habeas Petition.[6]

In *Thomas*, the Court stated:

> It is well-established that district courts retain jurisdiction to consider an alien's habeas challenge to the statutory framework mandating his detention during removal proceedings. *See* 28 U.S.C. § 2241(c)(3) (noting that the writ of habeas corpus may extend to those held in custody in violation of the constitution "or laws or treaties of the United States"); *Demore v. Kim,* 538 U.S. 510, 517, 123 S.Ct. 1708, 155 L.Ed.2d 724 (2003) (finding that the INA does not bar habeas review of statutory or constitutional challenges to detention).

*Id*. *See also Madrane v. Hogan*, 2007 WL 3145956, * 12 - * 13 (M.D. Pa.), 520 F. Supp. 2d 654 (M.D. Pa. 2007); *Dang v. Lowe*, 2010 WL 2044632, 2010 WL 2044634 (M.D. Pa.).

In both habeas petitions, Petitioner requests this Court to order his immediate release from prison on bond or parole, claiming that his continued detention is unconstitutional. (Doc.1, p. 5, Civil No. 10-0244; Doc. 1, p. 4, Civil No. 10-1229). Petitioner states:

> "[Petitioner] is here by humbly and respectfully submitting [sic] an instant application to be release [sic] from prison because the USDHS-ICE have passed the statutory limitation of the mandatory detention of the INA §236(a) and INA §241(a) laws which allows the Attorney General office and USDHS-ICE to take immigrants into their custody when they are released from any state prison for a period of 180 days

---

[6] We again note that under the Real ID Act, this Court does not have jurisdiction over any challenge by Petitioner to his removal order. *See Jordan v. Ashcroft*, 424 F.3d 320, 326-327 (3d Cir. 2005). The Real ID Act provides that "a petition for review filed with an appropriate court of appeals . . . shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this Act. . . ." Real ID Act § 106(a)(1) (adding INA § 242(a)(5)) (to be codified at 8 U.S.C. § 1252(a)(5)). *See also Brown v. Attorney General,* 2009 WL 2225431 (M.D. Pa.).

or six months during or after their removal order have been issued [sic] by the INS Judge."

(Doc.1, p. 4, Civil No. 10-0244).

Petitioner asserts that since he was released form the New York State Prison on March 17, 2006, the INA § 236(b) laws should apply to him instead of the INA § 236(a), which Petitioner claims ICE used to detain him three and a half years after he was officially released from New York State Prison. (Doc.1, p.4, Civil No. 10-0244). Petitioner claims that INA § 236(b) entitles him to be released on bond or parole because ICE did not take him into their custody when he was released from prison, as Petitioner claims was the law under INA § 236(a). (*Id.*). However, as stated, Petitioner is now subject to a final order of removal and as such his detention falls under 8 U.S.C. §1231(a). *See Brown, supra*.

Further, Petitioner claims that the removal order is improper since it has ordered him removed to a country where he will be in danger because of his sexual orientation, political affiliation, and ethnicity. (Doc. 4, p. 4, Civil No. 10-1229). Petitioner also claims that he has close ties to the community, and that his family will face "extreme hardship" if he is deported. *(Id. p.2).* Petitioner avers that since Nigeria has "refused to accept [him] back into their country is not [his] fault...[it] is not a valid ground for ICE to continuously [keep him] in their custody since January 1, 2008." (Doc.1, p.2, Civil No. 10-0244). Petitioner avers that he "has fully cooperated with [the government's] efforts to obtain travel documents for more than two and a half (2 ½ ) years," but that his travel documents will not likely be obtained in the near future, as the new Nigerian president, Goodluck Jonathan, is of the same political party, with the same political agenda and policies as the previous president. (Doc. 4, p. 4, Civil No. 10-1229). Petitioner also states that there are "no

10

'Special Circumstances' in [his] case which [require his] continued or extended detention by ICE, such as contagious disease, mental disease, foreign policy consequences, or security or terrorism concerns. (Doc. 1, p. 3, Civil No. 10-1229). Petitioner attaches a number of pages of newspaper clippings regarding immigration issues, supposedly to support his case. (Doc. 4, pp. 8-15, Civil No. 10-1229).

Petitioner also avers that his November 14, 2005 conviction in Queens County Supreme Court in New York was "illegal," because he was arrested in his home on August 26, 2003, without a warrant and was kept at Rikers Island Jail for 28 months without trial "because the people were not ready due to the Court's congestion in Queens County then." (Doc.1, p. 5, Civil No. 10-0244). Additionally, Petitioner avers that he had ineffective counsel that led him to plead guilty to his underlying offense without understanding its potential affect on his immigration status. (Doc.1, p.6, Civil No. 10-0244). As noted above and as Respondent properly states, to the extent Petitioner challenges his criminal conviction, sentence, and removal, such claims are a challenge to his removal order. This Court lacks jurisdiction over such matters under the Real ID Act, 8 U.S.C. §1252(a)(5) and as such, these claims will not be considered herein. *See Brown, supra*.

*A. Consolidation of Petitioner's two Habeas Petitions*

Rule 42(a) of the Federal Rules of Civil Procedure states that:

When actions involving a common question of
law or fact are pending before the court, it
may order a joint hearing or trial of any or all
the matters in issue in the actions consolidated;
and it may make such orders concerning proceedings
therein as may tend to avoid unnecessary costs
or delay.

*See Mitchell v. Dodrill*, 2009 WL 179725, *1 (M.D. Pa.).

We have reviewed Petitioner's two cases, and we find that Petitioner raises the exact same claims against the exact same Respondent in his Civil No. 10-0244, M.D. PA. Case as he does in his Civil No. 10-1229, M.D. PA. Case.[7] The actions involve common questions of law and fact, and assert the same claims regarding Petitioner's continued detention by ICE at LCP. Thus, we find that Petitioner 's two habeas corpus actions are essentially the same. Accordingly, pursuant to Rule 42(a), we will recommend that the above cases be consolidated, that Petitioner's Civil No. 10-1229, M.D. PA. Case be closed, and that the matter proceed under Civil Action Number 1:CV-10-0244.

*B. Merits of Habeas Petition*

We construe Petitioner as claiming that, since he has been detained by ICE for over ten months (*i.e.* since September 4, 2009), and since his removal is not likely to occur in the reasonably foreseeable future, his indefinite continued detention by ICE at YCP is unconstitutional. Petitioner states that he should be immediately released from his continued detention by ICE while his removal is pending.

Respondent correctly asserts that October 30, 2009 was the start of Petitioner's removal period, as it was the date that Petitioner 's removal order became administratively final. (Doc. 9, p.7, Civil No 10-0244). As Respondent states (Doc. 9, p. 6, Civil No 10-0244), once an alien is ordered removed by ICE, the Attorney General has ninety (90) days to effectuate the removal of the

---

[7]We note that insofar as Petitioner attempts to add the U.S. District Attorney's Office as a Respondent along with ICE in his second Habeas Petition, this office is not a proper Respondent in a §2241 habeas petition since it does not have custody over Petitioner.

alien. *See Brown, supra*. This is called the removal period, and it is presumptively reasonable for six (6) months. 8 U.S.C. § 1231 (a)(1)(A). Under the statute:

> (B) The removal period begins on the latest of the following:
>
> (i) **The date the order of removal becomes administratively final.**
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B) (Emphasis added).[8] *See French v. Ashcroft*, 2005 WL 1309062 at *2 (M.D. Pa.); *Jurado-Delgado v. Hogan*, 2007 WL 1490717, *3 (M.D. Pa.); *See Brown, supra*.

Thus, we agree with Respondent find that Petitioner's six-month presumptively reasonable period of detention expired on April 30, 2010. (Doc. 9, p. 7, Civil No 10-0244). In its March 15, 2010 Response, Respondent argues that Petitioner's detention is still authorized pursuant to *Zadvydas,* 533 U.S. 678 (2001), as that the expiration of the presumptively reasonable period does not necessitate the release of an alien. (Doc. 9, pp. 7-9, Civil No 10-0244). Respondent also contends that simply because Petitioner's 6-month presumptively reasonable period has expired, Petitioner is not entitled to be released from detention while he is waiting to be removed solely on this basis. (Doc. 9, p. 9, Civil No 10-0244).

---

[8]During the removal period, the Attorney General must detain the alien. 8 U.S.C. § 1231(a)(2). If the alien is not removed during the removal period, the Attorney General has two options -- supervised release (8 U.S.C. §§ 1231(a)(3)) or, at times, continued detention (8 U.S.C. §1231(a)(6)). As stated, we agree with Respondent that our Petitioner's six-month removal period expired on April 30, 2010, since his final removal order was entered on October 30, 2009.

13

As stated, we concur with Respondent and find that Petitioner's removal became final on October 30, 2009. (*Id.* at 7). *See Leslie v. Attorney General of U.S.,* 2010 WL 381609, *2. *See also Hossain v. Sabol*, 2010 WL 378515, *3.

In *Zadvydas*, 533 U.S. at 689, the Court held that "the statute [§241 (a)(6)], read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." *Id*. at 689. "At the conclusion of the removal period, if the alien remains in the United States, his post-removal-period detention may be continued only as long as 'reasonably necessary' to effectuate his removal from the United States." *Jurado-Delgado v. Hogan*, 2007 WL 1490717, *3 (citing *Zadvydas*, 533 U.S. at 689).

In *Rodney v. Mukasey*, 2009 WL 2430885, *3 (3d Cir.), the Third Circuit stated:

> The Attorney General has 90 days to remove Rodney from the United States after his final order of removal. 8 U.S.C. § 1231(a)(1)(A). However, in *Zadvydas,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653, the Supreme Court interpreted 8 U.S.C. § 1231(a)(6) to authorize post-removal order detention of an alien convicted of an aggravated felony to a period reasonably necessary to bring about the alien's removal, generally no more than six months. *Id*. at 700-01.FN4 After six months, the alien is eligible for conditional release if he can demonstrate that there is "no significant likelihood of removal in the reasonably foreseeable future." *Id*. at 701. "This 6-month presumption, of course, does not mean that every alien not removed must be released after six months." *Id*. FN4. The statute provides: "An alien ordered removed who is ... removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title ... may be detained beyond the removal period...." 8 U.S.C. § 1231(a)(6).

Our Petitioner, a convicted aggravated felon, does not have a pending challenge of his removal order, and our Petitioner is subject to a final removal order. Additionally, as correctly stated

14

by Respondent, Petitioner has not produced any evidence that his removal to Nigeria is unlikely to occur in the reasonably foreseeable future.   (Doc. 9, p. 8).

As the Court stated in *Van v. ICE*, 2007 WL 1703415, *2 (M.D. Pa. 2007), following the Supreme Court's decision in *Zadvydas,* regulations have been promulgated to meet the criteria established by the Supreme Court. *See* 8 C.F.R. § 241.4.   Prior to the expiration of the 90-day removal period, the district director shall conduct a custody review for an alien where the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(i).   When release is denied pending the removal, the district director may retain responsibility for custody determinations for up to three months or refer the alien to the Headquarters Post Order Detention Unit ("HQPDU") for further custody review. 8 C.F.R. § 241.4(k)(1)(ii).  Once jurisdiction is transferred, an eligible alien may submit a written request for release to the HQPDU asserting the basis for the aliens' belief that there is no significant likelihood that he will be removed in the reasonably foreseeable future.   8 C.F.R. § 241.13(d)(1).

As Respondent points out, under *Zadvydas*, an alien must demonstrate that there is no reasonable likelihood that they will not be removed in the reasonably foreseeable future. (Doc. 9, p. 7, Civil No 10-0244).  If the alien makes such a showing, the burden shifts to the ICE to show that there is a reasonable likelihood of removal. (*Id*. p. 8, Civil No 10-0244)(citing *Zadvydas*, "After the 6-month period, *once an alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future*, the Government must furnish evidence sufficient to rebut that showing.")(emphasis added).   Respondent contends that Petitioner has not met this burden, as he offers no credible evidence which would tend to support his contention that his

15

removal to Nigeria will not likely occur in the reasonably foreseeable future. (Doc. 9, p. 8, Civil No 10-00244). Respondent further contends that the mere showing that Petitioner has been detained in excess of six months is not sufficient to meet his burden of demonstrating that there is no significant likelihood of his removal to Nigeria within the reasonably foreseeable future, but rather is only sufficient to entitle him to the opportunity to make that showing. (Doc. 9, p. 8, Civil No 10-0244)(citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1051-1052 (11th Cir. 2002) (holding that "in order to state a claim under *Zadvydas* the alien not only must show post-removal order detention in excess of six months *but also provide evidence of a good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.*" (emphasis added)); *Fahim v. Ashcroft*, 227 F.Supp. 2d 1359, 1365 (N.D. Georgia, 2002)(holding that "[w]hile an alien's detention will no longer be presumed to be reasonable after six months, there is nothing in *Zadvydas* which suggests that the Court must or even should assume that any detention exceeding that length of time is unreasonable.").

It is clear that ICE's post-removal order detention of Petitioner is permissible under *Zadvydas*, and we agree with Respondent and find that simply because Petitioner's presumptive six-month period has expired does not in itself entitle Petitioner to be released while he awaits his removal to Nigeria, but only entitles him to make this showing. Petitioner does not have arguable merit to his habeas petition, as he has not met his burden showing credible evidence demonstrating that his removal from the United States is not likely to occur in the reasonably foreseeable future. However, since his six-month presumptively reasonable removal period has expired, we find that

Petitioner is able to submit a request for release with ICE under § 241.13, *et seq.*[9] *See French v. Ashcroft,* 2005 WL 1309062 (M.D. Pa.).

**V. Recommendation.**

Based upon the foregoing, it is respectfully recommended that the above-captioned cases be consolidated, that Civil Action Number 1:CV-10-1229, M.D. Pa. be closed, and that the matter proceed under Civil Action Number 1:CV-10-0244, M.D. Pa. Additionally, based on the foregoing, it is respectfully recommend that Petitioner's consolidated Habeas Petition be denied.

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: July 29, 2010**

---

[9]Section 241.13 sets forth procedures for determining whether there is a significant likelihood of removing a detained alien, subject to a final order of removal, in the reasonably foreseeable future. The alien must submit a written request for release with the INS asserting the basis for his belief that there is no significant likelihood of his removal. 8 C.F.R. § 241.13 (d)(1).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NDUKWE UKAEGBU KALU, | : | CIVIL ACTION NO. **1:CV-10-00244** |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent | : | |

........................................................................................................................................

| | | |
|---|---|---|
| NDUKWE UKAEGBU KALU, | : | CIVIL ACTION NO. **1:CV-10-01229** |
| Petitioner | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| UNITED STATES DEPARTMENT OF HOMELAND SECURITY, BUREAU OF IMMIGRATION AND CUSTOMS ENFORCEMENT, | : | |
| Respondent | : | |

## **NOTICE**

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **July 29, 2010.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

                                                    **s/ Thomas M. Blewitt**
                                                    **THOMAS M. BLEWITT**
                                                    **United States Magistrate Judge**

**Dated: July 29, 2010**